IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WILSON PEPE,     :
               :
 Plaintiff        :
               : CIVIL NO. 1:CV-14-2270
 vs.          :
               : (Judge Caldwell)
MARIROSA LAMAS, *et al.*,   :
               :
 Defendants      :

*M E M O R A N D U M*

I. *Introduction*

On November 21, 2014, the pro se plaintiff, David Wilson Pepe, commenced this action pursuant to 42 U.S.C. § 1983. Named as defendants are the following Pennsylvania Department of Corrections (DOC) employees: Marirosa Lamas; Wilbert Matthews; Michael Prevost; Dawn Prevost; Ms. L. McConnell; Captain R. Chism; Rebecca M. Reifer; and Wally Dittsworth. (Doc. 1, Compl.) In his Complaint, Pepe argues that defendants have interfered with his access to the courts and retaliated against him for filing lawsuits by issuing him "bogus" misconducts. (*Id.*) We are presently considering Plaintiff's motion for appointment of counsel based on his indigent status, incarceration and lack of legal training. (Doc. 5).

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent

plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue

investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly."  *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Plaintiff's motion for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  *Tabron*, 6 F.3d at 155-56.  This case has just started.  Only recently the court directed the Clerk's Office to send waiver-of-service forms and the Complaint to the defendants.  Defendants will either challenge the legal basis of the Complaint or file an answer.  Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Plaintiff's Complaint, and other correspondence to the court, have been clearly worded and present logical concise arguments.  To the extent that Plaintiff's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  There is no evidence, at this early point in the

litigation, that any prejudice will befall Plaintiff in the absence of court appointed counsel. Consequently, at this time Plaintiff's request for counsel will be denied.

        An appropriate order follows.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date:  December 9, 2014