IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WILSON PEPE, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-14-2270 |
| vs. | : |
| | : (Judge Caldwell) |
| MARIROSA LAMAS, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, David Wilson Pepe, commenced this action pursuant to 42 U.S.C. § 1983. Named as defendants are the following Pennsylvania Department of Corrections (DOC) employees: Marirosa Lamas; Wilbert Matthews; Michael Prevost; Dawn Prevost; Ms. L. McConnell; Captain R. Chism; Rebecca M. Reifer; and Wally Dittsworth. (Doc. 1, Compl.) In his Complaint, Pepe alleges that the defendants interfered with his access to the courts and retaliated against him for filing lawsuits by issuing him "bogus" misconducts. (*Id.*)

We are considering Plaintiff's second motion for appointment of counsel. (Doc. 17). It is almost identical to his first motion as it is based on his indigent status, incarceration and lack of legal training. (*Compare* Doc. 5, *with* Doc. 17). The only difference is that Pepe now includes two letters from outside counsel declining to represent him. *See* Doc. 17. For the following reasons, the motion will be denied.

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request

counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

As previously noted, the only difference between Pepe's first motion for counsel and his second is that he now includes two letters from outside counsel declining to represent him in this matter. Plaintiff's motion for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. *Tabron*, 6 F.3d at 155-56. Defendants have recently filed a motion to dismiss challenging the legal basis of his claims. (Doc. 18). The issues in this case, as well as the defenses presented in the defendants' motion to dismiss, are straightforward. *See* Doc. 19. To the extent that Plaintiff's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this

court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  By his own admission, Pepe, although an indigent inmate, has experience as a pro se litigator.  Moreover, his pleading and correspondence to date have been clearly written.  If Pepe needs additional time to conduct research or formulate a response to defendants' motion to dismiss, he need only file a motion asking for an enlargement of time.  Plaintiff's second request for counsel will be denied.

        An appropriate order follows.

    /s/ William W. Caldwell  
    William W. Caldwell  
    United States District Judge

Date: February 17, 2015