IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WILSON PEPE,  :  <br> Plaintiff  : <br> : <br> vs.  :  CIVIL NO. 1:CV-14-2270 <br> : <br> MARIROSA LAMAS, et al.,  :  (Judge Caldwell) <br> Defendants  : <br> : <br> : | |

*M E M O R A N D U M*

I. *Introduction*

The pro se plaintiff, David Wilson Pepe, an inmate at the state correctional institution in Benner Township, Pennsylvania, filed this civil-rights action mainly stemming from the decision of defendant, Michael Prevost, to remove Plaintiff from his kitchen job at the prison.

After we granted the defendants' motion to dismiss the original complaint, *see Pepe v. Lamas*, 2015 WL 5012591 (M.D. Pa. Aug. 20, 2015)(adopting magistrate judge's report), Plaintiff filed an amended complaint asserting First Amendment retaliation claims and a due-process claim naming the following as defendants: Marirosa Lamas, the prison's superintendent; Wilbert Matthews, Plaintiff's unit manager; Michael Prevost, a kitchen supervisor; L. McConnell, a kitchen supervisor; R. Chism, a captain; and Wally Dittsworth, a food service manager.

Defendants filed a motion to dismiss the amended complaint and the magistrate judge has filed a report and recommendation, recommending the following: (1)

the claims against defendants Chism, Dittsworth and Lamas be dismissed for lack of the necessary personal involvement in the alleged unconstitutional wrongs; (2) the retaliation claim against Prevost be allowed to proceed; (3) the retaliation claim against McConnell be dismissed because her misconduct report, the alleged adverse action against Plaintiff, was later rescinded; (4) the due-process claim against Matthews for the allegedly biased way he handled the informal misconduct hearing that led to the loss of Plaintiff's job be dismissed because Plaintiff has no constitutional right to a prison job.

We are considering objections to the report filed by the defendants and Plaintiff. Defendants object to the recommendation that the retaliation claim proceed against Prevost. They do so based on an argument that was not presented to the magistrate judge. Plaintiff objects to the recommendations that the retaliation claim against McConnell be dismissed and that Dittsworth be dismissed.

II. *Standards of Review*

In reviewing a magistrate judge's report, the court must conduct a *de novo* review of those portions to which objections are made. *Snyder v. Bender*, 548 F. App'x 767, 770 (3d Cir. 2013)(nonprecedential)(citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); 28 U.S.C. § 636(b)(1)). Where no party has objected, the court needs only review those portions of the report for clear error or manifest injustice. See *Smith v. Lindsey*, No. 13-CV-2914, 2015 WL 136639, at *2 (M.D. Pa. Jan. 7, 2015)(Caldwell, J.). Nonetheless, even where no objections are made, the court can *sua sponte* conduct a *de novo* review of any portion of a magistrate judge's report. See *Thomas v. Arn*, 474 U.S.

140, 154, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985)(explaining that while 28 U.S.C. § 636 "does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

Since the magistrate judge was dealing with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), we will analyze the objections in light of the standard we must employ in resolving a motion to dismiss. In considering a motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The court is not limited to evaluating the complaint alone. It may consider documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). It may also consider documents attached to the complaint. *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *Artis v. Jin*, ___ F. App'x ___, ___, 2016 WL 851792, at *2 n.2 (3d Cir. 2016)(nonprecedential)(citing *Pryor* in rejecting the plaintiff's Eighth Amendment medical claim by relying on medical records attached to the complaint).

A complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007). Detailed factual allegations are not required, *id.* at 555, 127 S.Ct. at 1964; *Pryor*, *supra,* 288 F.3d at 564, only a "short and plain statement" showing the right to relief. *Pryor*, *supra,* 288 F.3d at 564 (citing *Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) and quoting Fed. R. Civ. P. 8(a)(2)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[M]ore than labels and conclusions" are required. *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65.

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Dev. Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted).

We apply these standards in evaluating the objections to the report. In doing so, we agree with the defendants' objection and disagree with Plaintiff's objection.

III.   *Discussion*

      A.   *Defendants' Objection to the Recommendation that
         the Retaliation Claim Proceed Against Prevost*

Defendants object to the recommendation that the First Amendment retaliation claim proceed against Prevost. Prevost fired Plaintiff from his kitchen job, and the magistrate judge decided that Plaintiff's allegations supported a claim that Prevost

retaliated against Plaintiff by refusing to rehire him after Plaintiff filed a grievance about the discharge.

We provide some background. On May 18, 2013, Prevost issued Plaintiff a "bogus" informal misconduct report for becoming argumentative about an order. (Doc. 31, Am. Compl., ECF p. 1). It is this argumentative conduct that resulted in the loss of Plaintiff's job. On May 30, 2013, unit manager Matthews held a hearing on the misconduct. Matthews did not rule in Plaintiff's favor. (*Id.*, ECF p. 5).

> Pepe proceeded to file Grievance Number 460925 to address his complaints with respect to Michael Prevost. (Doc. 31, at 1). On July 11, 2013, Marirosa Lamas, Superintendent of SCI-Benner, upheld the grievance officer's response to Pepe's initial grievance. Specifically, she noted that Michael Prevost and another supervisor were both interviewed with respect to the incident and that Pepe's "recollection of the events differ[ed] from the both of them." (Doc. 31, at 17). However, she advised Pepe that he would "be permitted to reapply for a dietary job when [he is] eligible." (Doc. 31, at 17).

(Doc. 36, magistrate judge's report, ECF p. 3).

> On the basis of that representation, Pepe filed an inmate request to Ms. Price, a kitchen supervisor, on July 31, 2013, seeking to be reinstated to his former kitchen position. (Doc. 31, at 19). Pepe received a response to his inmate request from both Ms. Price and Michael Prevost. (Doc. 31, at 19). Ms. Price indicated that there were no job openings at the time. Michael Prevost unequivocally rejected Pepe's request and noted the following: "You have been removed from all areas of food services." (Doc. 31, at 19).

(*Id.*).

On August 6, 2013, in Grievance No. 472114, Plaintiff grieved Prevost's refusal to rehire him. (Doc. 36, ECF p. 2). Defendant Dittsworth made an initial review response as follows, in pertinent part:

> Pepe first of all Mr. Prevost is the Shift Supervisor and he oversees all inmate working assignments on the AM dietary shift and the night dietary shift. It is 100% acceptable for Mr. Prevost CFSS to answer any request slip addressed to any food service instructor about inmate working assignments. Also, let's be clear on another fact, you had gotten in trouble while working in the kitchen and that is the reason you are not employed.
>
> Pepe you are also free to apply for any job you want as stated by Mr. Weaverling and Superintendent Lamas but that doesn't guarantee you a position in the dietary or any place else.

(Doc. 31, ECF p. 39).

Plaintiff appealed to defendant Lamas. On October 1, 2013, she responded as follows, in pertinent part:

> I contacted Mr. Dittsworth and was advised that you can reapply and your name will be added to the waiting list. Mr. Dittsworth stated that you are not being treated any differently than any other inmate that has received a misconduct in the kitchen.

(*Id.*, ECF p. 42).

To prevail on a retaliation claim, a prisoner must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

In their motion to dismiss, Defendants did not argue that Plaintiff did not satisfy the first two elements of a retaliation claim.  Instead, they argued that he failed to sufficiently allege facts satisfying the third element, the element that establishes a causal link between the protected activity and the adverse action, by asserting that all the grievances were filed *after* any of Defendants' conduct.  Hence, the grievances could not have caused any retaliatory act.  (Doc. 33, ECF p. 9).

As the magistrate judge noted, a plaintiff can establish "the requisite causal connection between the constitutionally protected conduct and the adverse action" by showing either "'(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link . . . .' *Lauren W. ex rel. Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007)(citing *Krouse v. Am. Sterilizer Co.,* 126 F.3d 494, 503–04 (3d Cir. 1997); *Woodson v. Scott Paper Co.,* 109 F.3d 913, 920–21 (3d Cir. 1997))."  (Doc. 36, report, at ECF p. 11).  As the magistrate judge also noted, "[i]n the absence of such proof, however, the plaintiff may show that the 'evidence gleaned from the record as a whole' provides an inference of causation. *DeFlaminis,* 480 F.3d at 267 (citing *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 281 (3d Cir. 2000))." (*Id.*, at ECF p. 12).

The magistrate judge reasoned that Plaintiff had alleged this causal connection based on the following: (1) as soon as Plaintiff had become eligible again for employment, the same official he had filed a grievance against one month earlier denied him reinstatement: (2) Prevost and Price gave conflicting answers to his request for re-

employment, Price saying there were no job openings at the time and Prevost saying he had been removed from all areas of food service, while Lamas had said that his name would be added to the waiting list for kitchen jobs. (Doc. 36, report, ECF at p. 13).

In their objection to the recommendation that the retaliation claim proceed against Prevost, Defendants do not take issue with this reasoning. They instead make an entirely new argument, that even if Plaintiff has alleged a prima facie case of retaliation, the exhibits attached to the amended complaint show that the decision not to rehire Plaintiff would have been the same in any event, which defeats the retaliation claim.

If the prisoner establishes a prima facie case of retaliation, the burden then shifts to the prison officials to show that their action would have been the same, even in the absence of protected activity. *Rauser*, *supra*, 241 F.3d at 334 ("Once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."). If the prison officials can make this showing, it defeats the retaliation claim. *Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002).

We agree with Defendants that the decision would have been the same. Plaintiff lost his job because of his misconduct in becoming argumentative with Prevost.[1]

---

[1] We disagree with the magistrate judge that this was a temporary suspension.

It is irrelevant that he claims the misconduct charge was false because Plaintiff has no constitutional right to his prison job, see James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989), and because the retaliation claim is based on the filing of the grievance. Additionally, he was not assured that he would be rehired; Lamas only told him he would be added to the waiting list. Further, she observed that he was not being treated any differently than any other inmate who had received a misconduct in the kitchen. We conclude that Defendants would have made the same decision not to rehire Plaintiff, and for a reason reasonably related to a legitimate penological interest. We have reviewed Plaintiff's arguments to the contrary and find them unpersuasive. We will therefore dismiss the retaliation claim against Prevost.

> B. *Plaintiff's Objection to the Dismissal of the Retaliation Claim Against L. McConnell and the Dismissal of Dittsworth From the Case*
>
>> 1. *McConnell*

Plaintiff objects to the recommendation that the retaliation claim against McConnell be dismissed. By way of some background:

> Pepe alleges that on August 6, 2013, he was subjected to retaliation again as a result of having filed Grievance Number 460925 against Michael Prevost, when L. McConnell, one of Michael Prevost's "good co-workers," issued Pepe a second false misconduct report for taking unauthorized food from the dining room. (Doc. 31, at 2). That same day, Pepe filed Grievance 472223 in response to this misconduct charge on the basis that he was not present in the dining hall on the day he was accused of having taken an additional food tray without paying, but rather, was in the prison library at the time. (Doc. 31, at 3). On appeal, Superintendent Lamas upheld the

> grievance in Pepe's favor upon confirming with the law
> librarian that Pepe was, in fact, in the library at the time of the
> incident. (Doc. 31, at 23).

(Doc. 36, report, at ECF p.4).

The magistrate judge recommended that this claim be dismissed because a disciplinary report that was later rescinded is not an adverse action for purpose of a retaliation claim, citing *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011).

Plaintiff objects to this recommendation because he believes McConnell acted intentionally in issuing a meritless misconduct. Plaintiff's argument is irrelevant to the magistrate judge's reasoning, with which we agree.

### 2. *Dittsworth*

Plaintiff objects to the dismissal of Dittsworth because Dittsworth knew about McConnell's wrongdoing and about Prevost's going against Lamas by not rehiring Plaintiff. We agree with the magistrate judge that any action by Dittsworth was merely reviewing the actions of McConnell and Prevost after the fact and is not the personal involvement required for a civil-rights claim. *See Robinson v. Wetzel*, ___ F. App'x ___, ___, 2016 WL 1743478, at *2 (3d Cir. 2016)(nonprecedential); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013)(nonprecedential). In any event, Plaintiff has no retaliation claim against Prevost or McConnell.

We will issue an appropriate order. We will not grant leave to amend as Plaintiff has already amended his complaint once.[2]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 7, 2016

---

[2] Additionally, we note that in his objections, Plaintiff requests appointment of counsel. Since Plaintiff fails to state a claim, appointment of counsel is not necessary. See *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).